IGNACIO ROCA, peticionario, *v.* LA JUNTA INSULAR DE ELEC-
CIONES, demandada.  ARTURO LLUBERAS, interventor.

No. 240.—*Visto:* Junio 3, 1926. *Resuelto:* Julio 7, 1926.

1. ELECCIONES—ACTO DE CONTAR LOS VOTOS, RESULTADOS *(Returns)* Y ESCRU-
TINIO — ESCRUTINIO GENERAL — RECUENTO DE VOTOS—''RECONTAR'', DEFI-
NIDO.—En el caso de autos, y atendida la Ley Electoral toda, se interpreta
y define la palabra *recontar* usada en el tercer disponiéndose de la sección
89 de dicha ley en el sentido de que quiere decir abrir los paquetes que la
ley ordenó a las juntas de colegio que formaran y contar el número de
papeletas que cada uno de dichos paquetes contiene.

2. ELECCIONES—ACTO DE CONTAR LOS VOTOS, RESULTADOS *(Returns)* Y ESCRU-
TINIO—ESCRUTINIO GENERAL—RECUENTO DE VOTOS—PAPELETAS DECLARADAS
NULAS POR LAS JUNTAS DE COLEGIO.—Con respecto a las papeletas decla-
radas nulas por las juntas de colegio, la Junta Insular de Elecciones no
viene obligada, al verificar el escrutinio final, a examinarlas de nuevo y
resolver si la nulidad estuvo o no bien declarada.

MANDAMUS para requerir a la Junta Insular de Elecciones proceda
a recontar las papeletas de los colegios del precinto electoral de
Yauco y proceda a adjudicarlas a los partidos y candidatos co-
rrespondientes.  *No ha lugar a expedir el auto solicitado.*

*Bolívar Pagán,* abogado del peticionario; *José Martínez Dávila,*
abogado de la demandada; *Rafael Cuevas Zequeira,* abogado del
interventor.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

Ignacio Roca, candidato a Alcalde de Yauco por los par-
tidos ''Socialista'' y ''Constitucional Histórico'' en las últi-
mas elecciones generales de Puerto Rico, solicitó que esta
Corte Suprema expidiera un auto de mandamus dirigido a
la Junta Insular de Elecciones para que ésta procediera a
recontar todas las papeletas del precinto electoral de Yauco,
adjudicándolas a los partidos y candidatos correspondientes.

La Corte antes de tomar medida definitiva alguna, acordó
oir a las partes interesadas.  Comparecieron el peticionario,
por su abogado; la Junta Insular de Elecciones, por el suyo,
y el Alcalde electo de Yauco en las dichas últimas elecciones
generales, Arturo Lluberas, también por su abogado.

El Alcalde Lluberas pidió que la solicitud fuera deses-
timada de plano, porque no aduce hechos suficientes y por-

que ella misma demuestra que el peticionario tiene otro remedio adecuado en el curso ordinario de la ley.

La Junta Insular de Elecciones alegó que su misión estaba limitada a una operación aritmética y que no tenía facultad para entrar a considerar si una papeleta debía o no adjudicarse a determinado candidato, y que de tal modo había ya cumplido su deber, motivo por el cual también pidió que la solicitud fuera desestimada.

El peticionario sostuvo sus pretensiones.

Dejando a un lado la cuestión suscitada por el interventor acerca de que no cabe el mandamus porque el peticionario tenía un remedio adecuado en los procedimientos sobre ejecución de la sentencia dictada en el auto de mandamus que anteriormente solicitara y obtuviera, procederemos al estudio y resolución de la verdadera cuestión de fondo envuelta en el caso.

Para ello es necesario conocer la ley. Está contenida en la sección 89 de la Ley Electoral tal como quedó enmendada en 1924. Leyes de la sesión especial de 1924, pág. 33. Copiada a la letra, dice así:

"Sección 89.—La Junta Insular de Elecciones practicará el escrutinio de la documentación de las elecciones, usando las listas de votantes y hojas de cotejo empleadas en dichas elecciones, que fueren enviadas al Superintendente General de Elecciones por las juntas locales de elecciones en calidad de tales documentos como sigue:

"Dicha junta empezará dicho escrutinio con la documentación del colegio número uno del primer precinto del primer distrito representativo y continuará en el mismo orden numérico de distritos representativos hasta que el escrutinio de todos los colegios de cada uno de dichos distritos, haya sido terminado, a menos que previamente se acuerde unánimemente seguir otro orden.

"Al considerar la documentación de cada colegio electoral para su escrutinio, dicha junta examinará primeramente todas las papeletas protestadas constantes en la hoja de cotejo perteneciente a dicho colegio, y contará o rechazará aquellas papeletas según lo que a su juicio se requiera por la ley, y con el fin de llevar a cabo esta disposición y requisito, dicha junta podrá abrir y examinar el conte-

nido de cualquier sobre o paquete correspondiente a las elecciones en dicho colegio electoral, y entonces pondrá otra vez el contenido en el sobre o paquete en que se encontraron, sellará de nuevo· dicho paquete o sobre y hará una declaración breve sobre el mismo, firmada por todos los miembros de la junta que estuvieren presentes, exponiendo la causa por la cual dicho sobre o paquete fué abierto, y cuáles fueron las papeletas o documentos encontrados en el mismo. La antedicha junta sumará entonces al voto total depositado y contado para cada candidato en un colegio electoral, según conste en la hoja de cotejo, el número total de votos de papeletas protestadas contadas por ella para cada uno de los candidatos. Dichos totales agregados se tomarán como el verdadero voto total de cada uno de los candidatos votados en cada colegio electoral y dicho voto total verdadero de cada candidato en todos los colegios electorales, en el cual fué votado en unas elecciones, se tomará como el total de todos los votos recibidos por dicho candidato en las elecciones a las cuales se refieren; *Disponiéndose,* que· la Junta Insular de Elecciones corregirá todo error aritmético que encontrare en una hoja de cotejo, y contará la dicha hoja de cotejo en la forma corregida; *Disponiéndose, además,* que la Junta Insular de Elecciones, a petición de cualquier miembro de dicha junta, contará el número de personas que votaron en un colegio electoral, según resulte de sus listas de votantes, y cambiará la entrada en su hoja de cotejo en aquel particular, de manera que corresponda con el resultado de dicho recuento; *Disponiéndose, además,* que si hubiere contradicción alguna en las entradas de una hoja de cotejo (ya sea en la forma en que fué transmitida por la junta de colegio, o según se hubiere corregido por la Junta Insular de Elecciones), entre el número de personas que votaron, según resulta de las listas de votantes y el número de papeletas encontradas en la urna del colegio electoral al cual corresponde la hoja de cotejo, o entre el número de papeletas encontradas en la urna y el número de papeletas distribuídas, según consta en el sumario de dicha hoja de cotejo, la Junta Insular de Elecciones, si esa diferencia es suficiente por sí sola, o en combinación con otra diferencia referente al voto para un mismo candidato afectare su elección, deberá recontar todas las papeletas de ese colegio electoral, corregir su hoja de cotejo de acuerdo con el resultado de ese recuento, y adoptar dicha hoja de cotejo corregida como la hoja de cotejo oficial de ese colegio electoral; *Disponiéndose, sin embargo,* que la Junta Insular de Elecciones endosará en dicha hoja de cotejo, una declaración firmada por todos sus miembros presentes, haciendo

constar los cambios en esa forma hechos por ella, y las razones por las cuales se hicieron estos cambios. *Y disponiéndose, además,* que el resultado del escrutinio de unas elecciones, según se declarare por la Junta Insular de Elecciones y publicare por el Superintendente General de Elecciones, será definitivo a menos que fuere impugnado por *certiorari* u otro procedimiento legal autorizado, que se interponga dentro de quince días después de la fecha de la publicación del resultado de ese escrutinio ante una corte de competente jurisdicción, y por la presente se autoriza en esos casos el procedimiento de *certiorari* en la corte de distrito de San Juan; *Y disponiéndose, además,* que la Junta Insular de Elecciones repondrá el contenido de todos los sobres y paquetes abiertos por ella con el fin de contar o recontar papeletas, en el mismo sobre o paquete en que se encontraron; resellará ese sobre o paquete, y pondrá en el mismo una declaración escrita y firmada por todos los miembros de la junta que estuvieren presentes, manifestando la razón por la cual dicho sobre o paquete fué abierto por ella, y que todo el contenido encontrado en dicho sobre o paquete fué repuesto en el mismo.''

Las elecciones se celebran por medio de votación por papeletas. Los electores acuden personalmente a los colegios. En cada colegio está la lista de los votantes que le corresponden. Si el nombre del elector aparece en la lista, se le entrega una papeleta que secretamente usa para su voto y que devuelve a la Junta. La papeleta se deposita en la urna y en la lista de votantes se hace constar que el elector votó.

A la hora marcada cesa la votación y la Junta de Colegio comienza el escrutinio. Todo está prescrito minuciosamente en la ley. La papeletas se separan así:

(*a*) Las *papeletas generales íntegras* votadas para cada partido *que no hubieren sido recusadas* se pondrán en *lotes separados,* formando *un lote para cada partido.*

. (*b*) Las papeletas *generales íntegras que hayan sido recusadas* se colocarán en *un lote.*

(*c*) Las papeletas *generales mixtas que no hubieren sido recusadas* se colocarán en *un lote.*

(*d*) Las papeletas *generales mixtas que hayan sido recusadas,* se colocarán en *un lote.*

(*e*) Las papeletas *generales que hayan sido protestadas,* se colocarán en *un lote.*

(*f*) Las papeletas *generales que por cualquier razón fueren nulas* se colocarán en *un lote.*

Se distribuyen entonces las papeletas especiales siguiendo el mismo método. Tanto para contar una papeleta a favor de determinado partido como para declararla nula se necesita la conformidad de los dos inspectores miembros del partido Unionista y del Republicano y del observador oficial Socialista que forman la Junta de Colegio. Si no hubiere acuerdo se hará constar por qué y la papeleta se colocará en el lote de las protestadas.

Dispone detalladamente la ley el proceso que se sigue para preparar las hojas de cotejo en las que cada colegio hace constar el resultado de la votación.

La Junta de Colegio termina su misión entregando todo a la Junta Local de Elecciones que a su vez lo envía al Superintendente General de Elecciones.

Después de ese *escrutinio parcial,* se verifica el *general* con sujeción a la sección 89 transcrita, por la Junta Insular de Elecciones.

Se usan para ello las *listas de votantes* y las *hojas de cotejo,* dándose así entero crédito a la labor de la Junta de Colegio o sea al escrutinio parcial. Sólo se abren los paquetes de papeletas protestadas y se procede a adjudicarlas. Era algo que quedó pendiente aguardando la acción directa de la Junta Insular. Y con ello generalmente termina el escrutinio.

Es el *disponiéndose* tercero de la Sección 89 en el que basa el peticionario especialmente su solicitud.

Después de exponer los antecedentes oportunos alega el peticionario lo que sigue:

"9.—Que en cumplimiento de un auto perentorio de 'mandamus' expedido contra dicha junta por la Corte de Distrito de San Juan, según sentencia de dicha corte de distrito confirmada finalmente por

este Tribunal Supremo en el caso civil número 3607, *Roca* v. *Junta Insular de Elecciones,* resuelto en julio 30 de 1925, dicha Junta se reunió en sesión el día 17 de mayo de 1926 para practicar el escrutinio del precinto de Yauco, contar los votantes y recontar las papeletas del referido precinto en todos los colegios electorales de dicho precinto donde hubiere contradicción o diferencia entre el número de votantes según aparece de las listas de votantes y de las hojas de cotejo de los respectivos colegios, y proseguir dicho escrutinio hasta el final, según las alegaciones sexta, séptima y octava de la presente petición.

"10.—Que en la totalidad de los colegios del referido precinto, según la documentación oficial usada por dicha Junta en este escrutinio, aparecieron contradicciones o diferencias en relación con dichos candidatos, en el número total combinado de 172, entre el número de personas que votaron en los distintos colegios electorales de Yauco, según resulta de sus respectivas listas de votantes, y el número de votantes según aparecen en las entradas de las respectivas hojas de cotejo; y que dichas diferencias o contradicciones aparecieron además en las entradas de las hojas de cotejo, entre el número de personas que votaron según resulta de las listas de votantes y el número de papeletas encontradas en la urna del colegio electoral según las respectivas hojas de cotejo.

"11.—Que las diferencias o contradicciones arriba referidas fueron encontradas y aceptadas unánimemente por dicha Junta en los colegios electorales 2, 3, 4, 6, 7, 8, 10, 11, 13, 16, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 29 y 30 de dicho precinto de Yauco.

"12.—Que durante el proceso de este escrutinio ordenado judicialmente, y mientras dicha Junta estaba en funciones oficiales y formales, y después de haber dicha Junta aceptado unánimemente y tomado debida nota de todas las diferencias o contradicciones arriba expresadas, y a pesar de la petición hecha a la referida Junta por el miembro Bolívar Pagán, dicha Junta, por la votación decisiva de los miembros representantes de los partidos políticos 'Unión de Puerto Rico' y 'Republicano Puertorriqueño,' se negó a recontar y considerar según aparecía de sus respectivas faces 37 papeletas del colegio electoral número 2 que son válidas por sus formas y faces a favor del peticionario; que dicha Junta, por la voz decisiva de los miembros aquí expresados, manifestó además negarse a contar y considerar según aparece de sus respectivas faces, papeletas similares a dichas 37 en todos los demás colegios restantes arriba indicados de dicho precinto, las cuales papeletas son igualmente válidas en sus formas y faces y, de contarse y considerarse todas debidamente, de

manera que pueda afectar al resultado de la elección, resultaría de ellas una mayoría en dicho precinto de 300 votos o más a favor de dicho peticionario, contra Lluberas.''

A nuestro juicio, no obstante su extensión y detalle, no resulta perfectamente claro de las alegaciones lo ocurrido. Sin embargo, en el acto de la vista ambas partes convinieron en que la verdadera controversia estribaba en si la Junta Insular estaba o nó obligada en un caso semejante no sólo *a abrir y recontar el número de papeletas nulas existente en el paquete correspondiente* sino *a examinarlas de nuevo y a resolver por sí misma a virtud de ese nuevo examen si eran nulas o no.*

[1] Toda la autoridad que pueda tener la Junta emana del *disponiéndose* tres. En esto ·está conforme el peticionario que sostiene que recontar no puede tener el significado de una mera operación aritmética sino el más amplio de un examen tanto de cantidad como de calidad.

Es necesario reconocer que la ley no resuelve expresamente el caso del peticionario. Hubiera sido bien fácil decir a la Legislatura, si ese hubiera sido su deseo, en ese mismo *disponiéndose* o en otro que cuando el número de papeletas declaradas nulas fuere suficiente para cambiar el resultado de la elección, procediera la Junta a examinar de nuevo dichas papeletas y a resolver según su criterio, que no se concibe en verdad que no lo hiciera, teniendo en cuenta especialmente lo detallado, lo minucioso de la ley que va señalando cada trámite del procedimiento y cada función de los organismos que crea.

Por sus términos el *disponiéndose* sólo abarca: el caso de la *contradicción entre las entradas de una hoja de cotejo o entre el número de personas que votaron según las listas de* votantes y el número de papeletas encontradas en la urna, y el de la *contradicción entre el número de papeletas encontradas en la urna y el número de papeletas distribuídas, según el sumario de la hoja de cotejo.*

Y para tales casos de contradicción, si pudiere afectar el resultado de la elección, ordena la ley a la Junta ¿qué?, *recontar todas las papeletas del colegio y corregir su hoja de cotejo de acuerdo con el resultado del recuento.*

¿Qué significa recontar?   ¿Quiere decir reexaminar? ¿Quiere decir abrir los paquetes que la ley ordenó a la Junta de Colegio que formara y contar el número que cada uno contiene?

Atendido el espíritu que informa la ley toda, lo escrupuloso que ha sido el legislador al fijar cada detalle y cada facultad y la ausencia de disposición expresa creemos que la última interpretación es inevitable.

[2] Para que una papeleta sea declarada nula, lo mismo que para que una papeleta sea adjudicada, se necesitó el consentimiento unánime de los representantes de los tres partidos que fueron a las urnas.

Pudo haber existido un error al contar las papeletas y ese error es el que puede y debe corregirse, pero la Junta Insular no está facultada para sustituir su juicio por el juicio unánime de los representantes legítimos de los únicos interesados en la contienda.   Hay un sólo caso en que la Junta juzga el mérito de la papeleta en sí y está dispuesto expresamente por la ley, el de las papeletas protestadas.

Debemos suponer que los representantes locales fueron debidamente elegidos y reunían la capacidad y la integridad necesarias.   Ejercitando la facultad local y confiando en ella, y aprendiendo a virtud de sus éxitos o fracasos, es que se asientan y funcionan debidamente las democracias.

Cuando existe fraude, cuando se cometen errores fundamentales de ley, no es la Junta Insular, sino las cortes de justicia de acuerdo con todos los precedentes, las llamadas a resolver los casos.

*Debe declararse no haber lugar a expedir el auto que se solicita.*